# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 26-1113**

**September Term, 2025**

**EPA-91FR11802**

**Filed On: July 10, 2026** [2182755]

Ironbound Community Corporation, et al.,

       Petitioners

     v.

Environmental Protection Agency and Lee
M. Zeldin, in his official capacity as
Administrator, United States Environmental
Protection Agency,

       Respondents

------------------------------

City and County of Honolulu, et al.,
          Intervenors
------------------------------

Consolidated with 26-1114

## O R D E R

Upon consideration of the motions for leave to intervene filed by:

Waste-to-Energy Association
Solid Waste Authority of Palm Beach County,
York County Solid Waste and Refuse Authority,
Lancaster County Solid Waste Management Authority,
Spokane Regional Solid Waste System,
City and County of Honolulu,
City of Huntsville Solid Waste Disposal Authority,
EcoMaine,
Kent County Department of Public Works
Sierra Club,
East Yard Communities for Environmental Justice,
Ironbound Community Corporation,
Florida Rising, South Baltimore Community Land Trust,
Minnesota Environmental Justice Table,

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-1113**                    **September Term, 2025**

it is **ORDERED** that the motions be granted.

Circuit Rules 28(d) and 32(e)(2) govern the filing of briefs by intervenors. A schedule for the filing of briefs will be established by future order. That order will automatically provide briefing only for intervenors on the side of respondents. Any intervenor(s) intending to participate in support of petitioners must so notify the court, in writing, within 14 days of the date of this order. Such notification must include a statement of the issues to be raised by the intervenor(s). This notification will allow tailoring of the briefing schedule to provide time for a brief as intervenor on the side of petitioners. Failure to submit notification could result in an intervenor being denied leave to file a brief.

Intervenors supporting the same party are reminded that they **must** file a joint brief or certify to the court why a separate brief is necessary. Intervenors' attention is particularly directed to D.C. Circuit Handbook of Practice and Internal Procedures 39 (2025), which describes "unacceptable" grounds for filing separate briefs. Failure to comply with this order may result in the imposition of sanctions. See D.C. Cir. Rule 39.

> **FOR THE COURT:**
> Clifton B. Cislak, Clerk
>
> BY:    /s/
>          Elbert B.J. Lestrade
>          Deputy Clerk