# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 26-1113** **September Term, 2026**

**EPA-91FR11802**

**Filed On:** October 13, 2026

Ironbound Community Corporation, et al.,

Petitioners

v.

Environmental Protection Agency and Lee M. Zeldin, in his official capacity as Administrator, United States Environmental Protection Agency,

Respondents

------------------------------
City and County of Honolulu, et al.,
Intervenors
------------------------------

Consolidated with 26-1114

**BEFORE:** Pillard, Wilkins, and Garcia, Circuit Judges

**O R D E R**

Upon consideration of the joint proposed briefing schedule and format, it is

**ORDERED** that the following briefing schedule and format apply in these consolidated cases:

| | |
|---|---|
| Community Group Petitioners' Opening Brief (not to exceed 10,000 words) | November 9, 2026 |
| Waste-to-Energy Association's Opening Brief (not to exceed 10,000 words) | November 9, 2026 |
| Federal Respondents' Brief (not to exceed 20,000 words) | March 9, 2027 |

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 26-1113** **September Term, 2026**

| | |
|---|---|
| Community Group Intervenors' Brief (not to exceed 6,500 words) | April 6, 2027 |
| Waste-to-Energy Association and Local Government Coalition for Renewable Energy's Intervenor Brief(s) (up to two briefs, not to exceed 6,500 words in the aggregate) | April 6, 2027 |
| Community Group Petitioners' Reply Brief (not to exceed 5,000 words) | April 23, 2027 |
| Waste-to-Energy Association's Reply Brief (not to exceed 5,000 words) | April 23, 2027 |
| Joint Appendix | May 7, 2027 |
| Final Briefs | May 21, 2027 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that:

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . The brief must include arguments and cite evidence establishing by a "substantial probability" the claim of standing.

See D.C. Cir. Rule 28(a)(7); Sierra Club v. EPA, 292 F.3d 895, 898 (D.C. Cir. 2002).

Petitioners should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 44 (2026); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 26-1113** **September Term, 2026**

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Selena R. Gancasz
Deputy Clerk